

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 08 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DYLAN WOOD, Individually and on**          **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.        No. 3:19-cv-26-DPM

**ELITE EYE CARE & OPTICAL, LLC,**          **DEFENDANTS**
**and DR. CADE M. WILSON**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Dylan Wood, individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action, against Defendants Elite Eye Care & Optical, LLC, and Dr. Cade M. Wilson (collectively "Defendants"), does hereby state and allege as follows:

I.

*This case assigned to District Judge Marshall*
*and to Magistrate Judge Kearney*

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2.	The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.	Defendant conducts business within the State of Arkansas, owning and operating eye care clinics in and around Jonesboro.

4.	Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

5.	The acts alleged in this Complaint had their principal effect within the Jonesboro Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

6.	Dylan Wood ("Plaintiff" or "Wood") is a resident and citizen of Pulaski County.

7.	At all times relevant hereto, Wood was employed by Defendants as a Medical Assistant.

8.	Wood's employment with Defendants began in or around December of 2017 and ended in or around January of 2019.

9.	Defendant Elite Eye Care & Optical, LLC ("Elite"), is a limited liability company registered to do business in the state of Arkansas.

10.	Elite's annual gross revenues or business done exceeds $500,000.00.

11. Elite was, throughout the three years preceding the filing of Plaintiff's Original Complaint, engaged in interstate commerce as that term is defined by the FLSA.

12. Elite has more than four employees.

13. Elite's principal address is 1000 Windover, Suite C, Jonesboro, Arkansas 72401.

14. Defendant Elite has as its registered agent for service Dr. Cade M. Wilson, who is located at 16532 Highway 18 E, Black Oak, Arkansas, 72414.

15. Defendant Dr. Cade M. Wilson ("Wilson") is an owner and member of Defendant Elite Eye Care & Optical, LLC.

16. Defendants were at all times relevant hereto Plaintiff's employer as that term is defined under the FLSA and the AMWA.

### III.

### FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

18. Defendants are in the business of providing eye care services to the public in and around Jonesboro.

19. As a Medical Assistant for Defendants, Wood's primary duties included completing insurance forms and depositing receipts.

20. Wood's duties frequently required him to work more than forty hours in a workweek.

21. During Wood's tenure as an employee for Defendants, Defendants employed more than twenty hourly-paid workers.

22. Defendants paid Plaintiff and all other hourly employees their regular hourly rates for all hours worked, including hours in excess of forty in a given workweek.

23. During the period relevant to this lawsuit, Defendants did not pay Plaintiff or other hourly employees overtime premiums for all hours worked in excess of forty hours per workweek.

24. Defendant Wilson directly supervised Wood and other hourly employees.

25. Defendant Wilson made decisions regarding the rates of pay and hours of work applicable to Wood and other hourly employees.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

26. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants and were not paid for all hours worked in excess of forty per workweek at one and one-half times their regular rate of pay.

27. Plaintiff asserts violations of federal law, more particularly, the FLSA, on behalf of all persons who were employed by Defendants as hourly employees within the three years preceding the filing of Plaintiff's Original Complaint.

28. Plaintiff is unable to state the exact number of the class but believes that the class exceeds 20 persons but is less than 50 persons.

29. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

30. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

31. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

32. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' uniform failure to pay them the overtime compensation required by the FLSA.

**V.**

### FIRST CLAIM FOR RELIEF: INDIVIDUAL CLAIM FOR FLSA VIOLATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

35. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

36. Defendants were, and are, subject to the overtime pay requirements of the FLSA because Defendants and their employees are engaged in commerce.

37. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

38. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

39. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**VI.**

**SECOND CLAIM FOR RELIEF:**
**COLLECTIVE ACTION CLAIM FOR FLSA VIOLATIONS**

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and similarly situated members of the class one and one-half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

43. Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each work week.

44. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

45. Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

46. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

47. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.

## THIRD CLAIM FOR RELIEF:
## INDIVIDUAL CLAIM FOR AMWA VIOLATIONS

49.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

50.     The AMWA requires employers to pay each employee for hours worked in excess of forty per week "at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed." A.C.A. § 11-4-211.

51.     Defendant failed to pay Plaintiff overtime wages as required under the AMWA for hours that he worked in excess of forty per week.

52.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dylan Wood respectfully prays for declaratory relief and damages as follows:

(a)     That Defendants be summoned to appear and answer herein;

(b)     For orders regarding certification of and notice to the proposed collective action members;

(c)  A declaratory judgment that Defendants Elite Eye Care & Optical, LLC's, and Dr. Cade M. Wilson's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d)  A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(e)  Judgment for damages for all unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f)  Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(g)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs;

(h)  Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

(i)  An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(j)  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DYLAN WOOD, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com